01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09  JIMMY W. HILL,                              )       CASE NO. C05-0848-RSL
                                                )
10          Petitioner,                         )
                                                )
11          v.                                  )       REPORT AND RECOMMENDATION
                                                )
12  DOUG WADDINGTON,                            )
                                                )
13          Respondent.                         )
    _____ )

14

15                                        INTRODUCTION

16          Petitioner is a Washington state prisoner who has filed a *pro se* petition for a writ of habeas

17  corpus pursuant to 28 U.S.C. § 2254.  He contends that a 21-month delay between his indictment

18  for delivery of cocaine and the incident underlying the charge, violates the Due Process Clause of

19  the Constitution.  The petition has not been served on respondent.  Rather, because "it plainly

20  appears from the face of the petition and any exhibits annexed to it that the petitioner is not

21  entitled to relief," the court should summarily dismiss the petition pursuant to Rule 4 of the Rules

22  Governing Section 2254 Cases in the United States District Courts.

23                                         BACKGROUND

24          The Washington Court of Appeals summarized the facts in petitioner's case as follows:

25          Hill was convicted of delivering cocaine to a confidential informant on March
            20, 2001.  The State did not file the charge until April 23, 2003, when it amended an
26          information filed on December 10, 2002.  Hill moved to dismiss the charge, arguing

REPORT AND RECOMMENDATION
PAGE -1

01 | that he had been prejudiced by the delay between the incident and the filing of the information

02

03 | Hill's claim of prejudice was based on charges filed against him under two separate cause numbers. In King County No. 01-1-02449-0, Hill was charged and

04 | convicted on two counts. Count I involved a charge of possession of cocaine with intent to deliver on June 1, 2000. A jury found him guilty of the lesser offense of

05 | possessing cocaine. In Count II, the charge was possessing cocaine on March 8, 2001. Hill pleaded guilty to this offense. On January 11, 2002, Hill was sentenced to

06 | 15 months on each count, concurrent with each other, but consecutive to any other sentence. In the second case, King County No. 01-1-03376-6, Hill was charged with

07 | one count of possessing cocaine with intent to deliver on March 29, 2001. A jury found him guilty of the lesser offense of possession of cocaine. On October 25, 2001,

08 | he was sentenced to 16 months.

09 | Hill was thus accused of four offenses involving cocaine in two years: one occurring in June 2000 and three (including this offense), occurring in March 2001.

10 | Hill had completed serving his first sentence and was out of custody for a short time when this charge was filed. At the time of sentencing in this case, he was serving the 16-month sentence, after the second conviction had been affirmed on appeal.

11

12 | On June 13, 2003, the trial court here imposed a 108-month sentence, the low end of the standard range, and gave Hill credit for 16 months time served, apparently crediting him with the time in custody on the previous offense

13

14 *State of Washington v. Jimmy William Hill*, Unpublished Opinion, 2004 WL 1490892 (Wash. Ct.

15 App. 2004) (footnote omitted), *rev. denied, State v. Hill*, 153 Wash. 2d 1029 (2005).

16 On May 26, 2005, petitioner submitted the instant petition for a writ of habeas corpus

17 under 28 U.S.C. § 2254. (Dkt. #5). Attached to the petition are copies of the opinion from the

18 Washington Court of Appeals affirming his conviction, and the order from the Washington

19 Supreme Court denying review.

20 DISCUSSION

21 Petitioner sets forth a single claim for relief in his habeas petition: "Due Process was

22 violated by the State's Prosecutorial Delay." (Dkt. #5 at 5). Under the Anti-Terrorism and

23 Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim

24 adjudicated on the merits in state court only if the state court's adjudication is *contrary to*, or

25 involved an *unreasonable application* of, clearly established federal law, as determined by the

26 Supreme Court. 28 U.S.C. § 2254(d) (emphasis added). Under the "contrary to" clause, a federal

REPORT AND RECOMMENDATION
PAGE -2

01 habeas court may grant the writ only if the state court arrives at a conclusion opposite to that

02 reached by the Supreme Court on a question of law, or if the state court decides a case differently

03 than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*,

04 529 U.S. 362 (2000).

05       Under the "unreasonable application" clause, a federal habeas court may grant the writ

06 only if the state court identifies the correct governing legal principle from the Supreme Court's

07 decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* In*Lockyer*

08 *v. Andrade,* 538 U.S. 63 (2003), the Supreme Court clarified that the phrase "unreasonable

09 application"is not synonymous with "clear error, " but means "objectively unreasonable." Thus,

10 a state court's decision may be overturned only if the application is objectively unreasonable. 538

11 U.S. at 69.

12       Petitioner contends that his rights under the Due Process Clause were violated when the

13 State filed an information on December 10, 2002, charging petitioner with having delivered

14 cocaine to a confidential informant approximately 21 months earlier, on March 20, 2001.  He

15 claims that he was prejudiced by this delay because in the interim, petitioner was tried and

16 convicted twice on separate charges of possession of cocaine.  Petitioner argues that had the State

17 charged him with all three crimes at once, he "could have entered a Global Settlement" and would

18 have received a concurrent sentence on the instant offense, thereby reducing his current sentence

19 of 108 months. (Dkt. #5 at 1).  Petitioner further maintains that the reasons offered by the State

20 to justify the delay – the desire to obtain additional evidence and difficulty in ascertaining

21 petitioner's address so as to execute a search warrant – are inadequate.

22       In rejecting a similar claim of pre-indictment delay, the Supreme Court made the following

23 comment:

24       There is no constitutional right to be arrested.  The police are not required to

25 guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long.  Law enforcement officers are

26 under no constitutional duty to call a halt to a criminal investigation the moment they

REPORT AND RECOMMENDATION
PAGE -3

01       have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.

02

03 *United States v. Lovasco*, 431 U.S. 783, 792, n.13 (1977).  Thus, the Court concluded that to

04 "prosecute a defendant following investigative delay does not deprive him of due process, even

05 if his defense might have been somewhat prejudiced by the lapse of time." *Id.*  Proof of prejudice

06 must be coupled with evidence that "the Government *intentionally* delayed indictment in order to

07 gain a tactical advantage over the accused." *United States v. Marion,* 404 U.S.307, 324-25

08 (1971) (emphasis added).

09       The Washington Court of Appeals found that petitioner failed to show that he suffered

10 prejudice from the 21-month pre-indictment delay:  "[T]he possibility of a plea agreement that

11 would have settled all of these cases was entirely speculative.  A prosecutor has broad discretion

12 to determine whether to enter into a plea bargain or to go to trial.  And it is unclear whether Hill

13 would have been willing to accept whatever plea bargain was offered.  As it was, Hill chose to go

14 to trial twice and was twice convicted of a lesser-included offense."  2004 WL 1490892 at *2.

15       Petitioner fails to show that the above decision by the state court is "objectively

16 unreasonable."  In addition, he produces no evidence whatsoever that the delay was intentionally

17 caused by the State in order to gain a tactical advantage.  Finally, the court notes that because the

18 trial court gave petitioner credit for 16 months of time served, when it sentenced him for the

19 instant offense, it essentially made the sentence concurrent with petitioner's previous sentences.

20 For these reasons, petitioner's habeas petition should be summarily dismissed pursuant to Rule 4

21 of the Rules Governing Section 2254 Cases in the United States District Courts.  A proposed

22 Order accompanies this Report & Recommendation.

23       DATED this  7th  day of  June , 2005.

24

25                                Mary Alice Theiler
                                 United States Magistrate Judge

26

REPORT AND RECOMMENDATION
PAGE -4